### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

MARY J. BARTON,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　Case no. 3:06cv495-RS-ET

STATE OF FLORIDA; FLORIDA DEPARTMENT
OF CORRECTIONS; JAMES McDONOUGH,
in his Official Capacity as Secretary
of Florida Department of Corrections; ROBERT
SEXTON in his Individual Capacity; and
BENJAMIN SMITH, JR., in his Individual
Capacity.

    Defendants.
_____/

### ORDER

    Before the Court is Plaintiff's Motion for Clarification and Reconsideration (Doc. 77). Plaintiff claims that the Supreme Court's decision in Erickson v. Pardus, 127 S. Ct. 2197 (U.S. 2007) provides evidence that the heightened standard is no longer applicable to Section 1983 claims. There is no caselaw in our Circuit supporting this claim. See e.g. Whitney v. County of Collier, 2007 WL 1655853, *1 (M.D. Fla. 2007)("The Eleventh Circuit imposes 'heightened pleading requirements' for § 1983 cases which involve individuals entitled to assert qualified immunity"). Regardless, Erickson is irrelevant in this case because the Court found that even under the Bell Atlantic standard, Plaintiff's First Amendment claims against Defendant Smith failed. (Order on Motion to Dismiss, Doc. 76, p. 14)( holding that even under the new standard of review set out in the Bell Atlantic decision, "Plaintiff's evidence would not satisfy the minimum threshold of factual evidence necessary to properly allege a First Amendment violation"). Under Bell Atlantic, the allegations in the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish "plausible," as opposed to merely "possible" or "speculative," entitlement to relief. A plausible entitlement to relief exists when the

allegations in the complaint traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, *8 n.5 (U.S. 2007). The fact that Plaintiff spoke to "others" about her complaint of sexual harassment can only be described as "factually neutral." In addition, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." <u>Oxford Asset Mgmt. Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002). Plaintiff's allegation that her opposition of sexual harassment under Title VII constitutes speech of a public concern can only be described as conclusory. Thus, there is nothing in the Second Amended Complaint to remotely suggest that Plaintiff's speech was a matter of "public concern" and as a result, her motion for reconsideration is denied.

  Finally, Plaintiff's claim for reinstatement is not dismissed; rather, it is only Plaintiff's claim for a "permanent injunction enjoining defendants, their agents, successors, employees, attorneys, and those acting in concert with defendants from violating Title VII, the First Amendment, and the Equal Protection Clause" that is dismissed without prejudice.

ORDERED on June 13, 2007.

            /s/ Richard Smoak
            RICHARD SMOAK
            United States District Judge